UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLYN ELIZABETH LOVELL DOIRON    CIVIL ACTION

VERSUS    NO. 06-7510

NATIONAL SECURITY FIRE AND    SECTION "C" (1)
CASUALTY COMPANY

ORDER AND REASONS

This matter comes before the Court on plaintiff's motion to remand. Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant has not met its burden of establishing jurisdiction.  There is nothing stated in the petition indicating that the jurisdictional amount is facially apparent.  The defendant does not present any evidence as to quantum, and the plaintiffs present affirmative proof that the amount in controversy is less than the jurisdictional minimum.  Under these circumstances, remand is appropriate.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is GRANTED.  (Rec. Doc. 4).  This matter be and hereby is REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 16th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE